UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOURTHERN DIVISION

| CURTIS S. LYLES, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 6:23-CV-03315-MDH |
| | ) | Crim. No. 6:19-CR-03025-MDH |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Movant, incarcerated at El Reno FCI with a scheduled release date of February 22, 2035, pursuant to a conviction and sentence entered in the above-cited criminal case, has filed a motion to correct sentence pursuant to 28 U.S.C. § 2255.

This matter arises out of Movant's January 4, 2022 conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession with intent to distribute a mixture of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Movant was sentenced on December 13, 2022 to 204 months imprisonment as an Armed Career Criminal Act ("ACCA") offender.

Shortly after Movant's sentencing, the Eighth Circuit ruled that prior convictions for sale of cocaine under Missouri Revised Statute § 195.211 do not qualify as a serious drug offense for purposes of the ACCA. *United States v. Myers*, 56 F.4th 595, 597 (8th Cir. 2022). The Eighth Circuit reasoned that because the Missouri definition of cocaine includes positional isomers and is thereby broader than the comparable federal definition, a prior Missouri conviction for sale of cocaine under RSMO § 195.211 does not qualify as a serious drug offense under the ACCA. Movant's ACCA status is based in part on a prior conviction for manufacturing methamphetamine

under RSMO § 195.211. Though *Myers* specifically dealt with cocaine, Movant argues *Myers* applies to his sentencing as well, since the Missouri definition of methamphetamine is broader than the federal definition. The Government does not contest Movant's request for a new sentencing. In light of the Eighth Circuit's reasoning in *Myers*, this Court agrees.

Accordingly, this Court finds that Movant's prior ACCA sentence in Count Six exceeds the legal maximum and therefore Movant is entitled to a new sentencing under 28 U.S.C. § 2255. Movant's motion to correct sentence is **GRANTED**. Movant's sentence is hereby vacated and a supplemental presentence investigation report is ordered, recalculating the applicable guidelines range. A new sentencing hearing will be set at a later date. Movant to remain in custody pending resentencing.

**IT IS SO ORDERED**.

DATED: January 18, 2024            */s/ Douglas Harpool*
                                   **DOUGLAS HARPOOL**
                                   **UNITED STATES DISTRICT JUDGE**